IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Criminal Action No. 90-00145-KD |
| ) | |
| ALLEN JAMES STARKS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is before the Court on Defendant Allen James Starks' motion pursuant to Section 404 of the First Step Act of 2018 and supplement (doc. 143; doc. 153), letters in support (docs. 143-6, 144, 145, 146, 147, 150, 151, 154, 155, 156) and the United States' response (doc. 163).  Upon consideration, and for the reasons set forth herein, the motion is **GRANTED**, and Starks' sentence is reduced to **time served**, effective **May 26, 2023,** to allow sufficient time to arrange his release and travel.  In all other aspects, the judgment remains in effect (doc. 160). The Clerk is directed to provide a copy of this Order to the United States Probation Office to facilitate Starks' five-year term of supervised release.

    A. Background

In 1991, Starks and three co-defendants were indicted in a superseding indictment charging multiple drug distribution related offense.  He was tried and convicted for conspiracy to possess with intent to distribute more than 5 kg of cocaine and more than 50 grams of cocaine base, or crack cocaine (Count One), structuring transactions with financial institutions (Count 3), and laundering of monetary instruments (Counts 4 and 5).  The jury returned a verdict of not guilty on the charge of possession with intent to distribute cocaine and crack (Count 2).

When Starks committed the conspiracy offense (Count 1), the statutory penalty was ten years to life in prison for offenses involving 50 grams or more of crack cocaine. 18 U.S.C. § 841(b)(1)(A)(iii) (1990).  At sentencing, the district court found that under the then-mandatory Sentencing Guidelines, Starks had a guidelines range of life in prison based on his total offense level of 43 and his criminal history category of II.

In July 1991, Starks was sentenced to life without parole as to Count 1, sixty (60) months as to Count 3, two hundred forty (240) months as to Count 4 and two hundred forty (240) months as to Count 5, to serve concurrently (doc. 160).  The court also imposed five (5) year terms of supervised release, to serve concurrently, as to all convictions.

At present, Starks in now 70 years old and has served approximately thirty (32) years in prison.  He is incarcerated at FCI Talladega in Alabama.

B. <u>Analysis</u>

The First Step Act allows the district court "that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010" had been "in effect at the time the covered offense was committed." First Step Act of 2018, 115 Pub. L. 391, § 404(b), 132 Stat. 5194 (enacted Dec. 21, 2018).  A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act," that was committed before August 3, 2010. Id. at § 404(a).  The Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger certain statutory minimum and maximum sentences. Section 2 amended 21 U.S.C. § 841(b)(1)(A)(iii) to replace the 50 grams or more threshold with 280 grams or more and also amended 21 U.S.C. § 841(b)(1)(B)(iii) to replace the 5 grams or more threshold with 28 grams or

more.  Thus, if sentenced as if the Fair Sentencing Act applied to him, Starks would be subject to 21 U.S.C. § 841(b)(1)(B)(iii).

Importantly, the First Step Act does not require a reduction of sentence.  Instead, the Act gives the district court discretion as to whether a reduction is appropriate.  United States v. Stevens, 997 F.3d 1307, 1314 (11th Cir. 2021) ("While the First Step Act expressly permits a district court to reduce an eligible defendant's sentence for a covered offense, the district court is 'not required to do so.' A district court has 'wide latitude to determine whether and how to exercise [its] discretion in this context.'") (citations omitted).

Starks moves the Court to reduce his sentence to time served pursuant to Section 404 of the First Step Act (doc. 143).  He argues that he is eligible for consideration and that if he were sentenced as if the Fair Sentencing Act applied, his sentence would likely be much lower than the currently imposed life sentence.  Starks points out that "a defendant sentenced after the [Fair Sentencing] Act took effect, whose drug trafficking involved 50 grams of crack cocaine faced a penalty of 5-40 years imprisonment rather than the sentence of 10 years to life triggered by … the same quantity of crack cocaine before the Act." (doc. 143, p. 14).  Starks also points to his conduct while in prison (one infraction in 1994), his rehabilitation including completion of 30 classes, and his low recidivism risk level due to his age (Id. at p. 39-42).[1]

The United States concedes, and the Court agrees, that Starks committed a covered offense as defined in the First Step Act, and that he is eligible for consideration of a sentence reduction.  The Fair Sentencing Act lowered the applicable statutory penalties for his conspiracy

---

[1] Starks also points to the reduction of sentence to time served obtained by his co-defendant Erwin Edwards as evidence of an unwarranted sentencing disparity (doc. 143, p. 37-38). However, Edwards' sentence was reduced to time served upon application of the 18 U.S.C. § 3582(c)(1)(A), the compassionate release statute.  Here, the Court is not considering release pursuant to that statute.

conviction from ten years to life to five to forty years imprisonment. He committed his offense before the Fair Sentencing Act was enacted. None of the limiting factors in § 404 of the First Step Act apply to Starks.[2] Therefore, he is eligible for consideration.[3]

The United States argues that Starks is not entitled to a sentence reduction and that life in prison remains an appropriate sentence. Specifically, Starks' motion should be denied because of the quantity of drugs involved, his leadership role in the drug distribution conspiracy, the obstruction of justice, the extent of his distribution which included Mobile and Montgomery, Alabama, and because his Sentencing Guidelines are not lowered (doc. 163, p. 8-11).

The Court finds that a reduction of sentence to time served is appropriate. Although consideration of the relevant factors in 18 U.S.C. § 3553(a) is not mandatory, "[a]t a minimum, a district court must adequately explain its sentencing decision to allow for meaningful appellate review." United States v. Stevens, 997 F.3d at 1316-1317.

In that regard, the Court has considered Starks' history and characteristics and the nature and circumstances of his offense. 18 U.S.C. § 3553(a)(1). The Court acknowledges the extent and complexity of Starks' drug distribution organization, structured bank deposits, and money laundering, and acknowledges the threatening jail telephone calls which resulted in the increase in his Guidelines level for obstruction of justice. However, the presentence investigation report indicates that Starks' prior criminal history was not extensive and the two prior convictions

---

[2] See § 404(c) ("Limitations. No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits.")

[3] In United States v. Taylor, the Court of Appeals for the Eleventh Circuit explained that a "covered offense" includes "a multidrug conspiracy offense that includes both a crack-cocaine element and another drug-quantity element." 982 F. 3d 1295, 1300 (11th Cir. 2020).

underlying his criminal history category of II, were not crimes of violence. Specifically, possession of marijuana for personal use and giving a false name. In this circumstance, the Court finds that serving 32 years in prison is sufficient to comply with the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment" as well as to "afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A) – (C).

In United States v. Concepcion, the Supreme Court held that "district courts, when adjudicating a motion under the First Step Act, 'may consider other intervening changes of law … or changes of fact (such as behavior in prison).'" United States v. Beckford, 2022 WL 4372553, at *3 (11th Cir. Sept. 22, 2022) (quoting Concepcion, 142 S. Ct. at 2396).  The Court has considered Starks' rehabilitation while incarcerated and notes that while he is incarcerated at a medium security level, he is classified at a "minimum risk recidivism level" (doc. 143-8, p. 1-2, Summary Reentry Plan-Progress Report, November 30, 2022).

The Court has considered the letters from Starks' Unit Manager, Case Manager, and Correctional Case Manager (doc. 143-7).  The writers confirm that Starks had one disciplinary infraction in 1994. The writers also give positive reviews of Starks' consistent work history and programming while incarcerated, confirm the absence of any violent conduct, report his work as a mentor to younger inmates, and report his compliance with prison rules and regulations. His current Unit Manager writes: "Based on my professional dealings with Mr. Starks at FCI Talladega, his level of maturity and the knowledge, skills, and abilities he gained while incarcerated will serve him well, enabling him to make a successful transition back into society." (doc. 143-7, p. 1) (See also doc. 143-9, program certificates) (doc. 143-8, Summary Reentry Plan – "Inmate Starks has maintained all required and recommended program plan suggestions since

arriving at FCI Talladega." "Inmate Starks has consistently earned average and above average work evaluations during his period of incarceration." "Inmate Starks has maintained clear conduct" but for one incident report.  "His interaction with staff and inmates is appropriate and no management concerns are noted at this time." "Psychology staff has not expressed mental health concerns at this time.")[4]

C. Conclusion

Upon consideration, and for the reasons set forth herein, Starks' motion is due to be granted and his sentence reduced to time served, effective May 26, 2023.

**DONE** and **ORDERED** this 22nd day of May 2023.

> s / Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**

---

[4]  The Court has also considered Starks' plan to live with his daughter and her family (doc. 143, p. 8). His daughter and son-in-law have confirmed this plan (docs. 145, 146). His Summary Reentry Plan indicates that this residence plan has already been approved by the United States Probation Office (doc. 143-8, p. 4).  Review of Starks' submissions indicates that this approval may have been obtained in anticipation of release due to Starks' age and physical condition.